WHITE and others *vs.* HACKETT & SCHENCK.

When a special partnership becomes insolvent, and application is made by cred-
itors for an injunction and receiver, a special partner is entitled to come in
and claim as a creditor of the partnership, and to receive a dividend out of
the assets thereof, *pro rata* with the other creditors.

APPEAL from an order made at a special term. The ac-
tion was commenced by the plaintiffs, who were co-partners,
as creditors of the limited partnership doing business under
the name of Edward T. Hackett, in the city of New York, on
behalf of themselves and of all others, creditors of the said
limited partnership, who should unite with them therein, or
who should come in and prove their debts under the judg-
ment to be made therein, to restrain the defendants from dis-
posing of the property and effects of the partnership; for the
appointment of a receiver; and to have the effects of the part-
nership distributed among all the creditors ratably, except the
special partner. The complaint set forth the formation of the
limited partnership between the defendant Edward T. Hackett,
as general partner, and the defendant John W. Schenck, as
special partner, on the 3d day of January, 1854, pursuant to
the statute, to continue for three years, and that, after the
formation thereof, said partnership commenced and had ever
since continued to transact business in the city of New York;
that the limited partnership of the defendants had, at different
times, become indebted to the plaintiffs in various sums, for
money lent, goods sold and delivered, &c.; and that there were
other persons and firms to whom and to which said limited
partnership was indebted; that the partnership was insolvent
and unable to pay its debts; that the plaintiffs had proposed
to the general partner, but he had refused or neglected so to
do, to place the effects of the partnership in the hands of a proper
and responsible trustee, to be distributed among the creditors
of the partnership, other than the special partner, ratably in
proportion to the amount of their debts, either due or to become
due, and the special partner had refused to assent to such dis-

position. The complaint prayed the judgment of the court that the assets and effects of the partnership be distributed among the plaintiffs, and all the other creditors of the limited partnership, excepting the said special partner, who should come in and prove their debts, &c., for an injunction, and the appointment of a receiver, and for other or further relief, or both. The defendant Hackett did not put in any answer to the complaint. The defendant Schenck put in an answer admitting the formation of the special partnership, and that he was the special partner therein. He also admitted that the plaintiffs were creditors of said firm, as alleged in the complaint; and that said firm was largely indebted to divers persons and was insolvent. The defendant also alleged, that to meet the urgent wants of the general partner in conducting the business of the firm he, the defendant, loaned to him, the said general partner, various sums of money from time to time, amounting in the aggregate, including interest, to $8,409.80; and he claimed that he was a creditor of said firm to that amount, for money loaned. And he prayed that in all distributions of the funds or assets of said firm, the receiver to be appointed might be directed to pay to him his proper dividend *pro rata*, with the other creditors of said firm, out of the assets thereof, and on the amount so loaned by him with interest, and his costs in this action.

The judge, at special term, decided against the claim of the special partner, and the latter excepted and appealed from the decision.

*W. H. Anthon*, for the appellant.

*C. Van Santvoord*, for the respondents.

*By the Court*, DAVIES, J. The question presented for consideration in this case is, whether a special partner can come in and claim as a creditor of the partnership, until all the other creditors are paid. I think he can; and that such was the weight of authority previous to the late act of the legisla-

ture.(a) Viewing that act as but declaratory of the law, the judgment of the special term should be reversed.

Such, at any rate, is the will of the law-making power; and that is obligatory upon us.

Judgment accordingly.

[NEW YORK GENERAL TERM, June 6, 1857. *Mitchell*, *Roosevelt* and *Davies*, Justices.]

(a) 2 R. S. 763, Title relative to limited partnerships.