WHITE *et al. v.* HACKETT *et al.*

Irrespective of the amendment (*ch.* 414 *of* 1857, § 3) to the act authorizing the formation of limited partnerships, a special partner could not, in case of the firm's insolvency, claim to share in the distribution of its assets for the reimbursement of loans or advances made by him over and above the capital he contributed, until after all other creditors were satisfied.
The amendment was not declaratory of the existing law, but introduced a new rule.

APPEAL from the Supreme Court. Action by creditors of an insolvent partnership to have its debts ascertained and dis-

White *v.* Hackett.

tribution made of its funds; for the appointment of a receiver, &c. The complaint alleged that the defendant Schenck was a special partner, and that he claimed to have made large advances for the business of the firm over and above the amount of capital contributed by him, for which advances he claimed to be entitled to a dividend in the same manner as other creditors. Upon the trial before Mr. Justice CLERKE, it was shown that the defendants, on the 3d of January, 1854, formed a limited partnership under the provisions of the statute for that purpose, which was to continue for three years. Schenck was the special partner and paid up the amount of capital specified in the certificate and advertisement published in accordance with the statute. In addition thereto, Schenck at sundry times between September 24th, 1854, and November 10th, 1855 (when the firm had become insolvent), lent it sums of money amounting to $7,758, which were used in the business of the firm to pay its notes given for goods purchased, and other demands of a pressing character. The judge ordered judgment excluding Schenck from participating in the distribution of the partnership assets until the claims of all the other creditors should be satisfied. Upon appeal the judgment was modified, at general term in the first district, by allowing Schenck to come in and share ratably with the plaintiff and other creditors in respect to the sum of $7,758, so loaned and advanced by him. The plaintiffs appealed to this court.

*C. Van Santvoord,* for the appellants.

*W. H. Anthon,* for the respondents.

H. GRAY, J. The only question brought up by the appeal is whether Schenck, who was the special partner of his co-defendant Sackett in a business conducted in the name of the latter, is, after the insolvency of the partnership, entitled to dividends in common with the other creditors of the partnership, for cash loaned by him to it during the prosecution of its business and used in payment of its liabilities.

Had Schenck been a general partner the indebtedness to him would have been postponed until the creditors of the firm should be satisfied; for the obvious reason that in such case he would have been liable to have satisfied those debts out of his individual estate after the assets of the firm had been exhausted. Not so in the case of a special partner; his loss, if he keeps within the provisions of the statute, is limited to the capital invested by him, except in the single case of the partnership indebtedness to him; and in that case he is placed by statute upon the footing of a general partner, and is, in case of the insolvency of the partnership, prohibited under any circumstances from being allowed to claim as a creditor until the claims of all the other creditors of the partnership are satisfied. (1 *R. S.*, 2 *ed.*, 756, § 23.) It was insisted upon the argument, that this provision related only to the claims of a special partner as such, and not to claims which might arise out of the transactions of the special partner acting individually and not for the partnership. If such should be the construction given to it, no reason can be assigned why it was made; no possible case can arise in which the debt of a partner in an insolvent concern would not, without the statute, be postponed to those of the creditors of the partnership. The statute declares that no special partner shall, under any circumstances, be allowed to claim as a creditor until the claims of all the other creditors of the partnership shall be satisfied. I can see no difference between the language employed, in its application to this case, and what it would have been had the provision in terms declared no special partner should be allowed to claim as a creditor whether he was a creditor of the firm as such partner or under any other circumstances. The provision referred to has received a construction by the Chancellor against the claims of the special partner, the correctness of which is con ceded by the Superior Court of the city of New York. (*Mills* v. *Argall*, 6 *Paige*, 577, 582; *Hayes* v. *Bement*, 3 *Sandf.*, 394.) The subject of limited partnerships has again recently occupied the attention of the Legislature, and this, with other stringent provisions affecting the rights and liabilities of special partners,

has been materially changed (*Laws of* 1857, 837, §§ 3, 4), but the change came too late to affect the rights of the parties now before us. They were fixed by the law as it stood when the question arose.

The judgment of the general term should be reversed, and that of the special term affirmed.

Selden, J., was absent; all the other judges concurring,

Ordered accordingly.