## SUPREME COURT.

### WARD agt. NEWELL.

The statute of *New Jersey* in reference to *limited partnerships*, is the same as that of this state (before the amendment of our statute in 1857), respecting the rights of the special partner.

Where a *special partner*, under a limited partnership formed in New Jersey, under the laws of that state, claims in an action brought here to recover upon promissory notes given to him by the *general partners*, and the referee finds that the notes were given for a good and valuable consideration by the general partners, by their firm name to the plaintiff, their special partner, and decides that the plaintiff is entitled to judgment, without finding whether the partnership firm was *insolvent or not*.

*Held*, that this court has a right to look into and ascertain from the whole case whether the firm was insolvent or bankrupt, and on finding that fact in the affirmative, the twenty-third section of our statute (1 *R. S.* 767, § 23), the same as that of New Jersey, is applicable to the case, and defeats the plaintiff's claim.

This section of the statute reads as follows: " § 23. In case of the insolvency or bankruptcy of the partnership, no special partner shall, under any circumstances, be allowed to claim as a creditor until the claims of all the other creditors of the partnership shall be satisfied."

Where there is no proof to show that the special partner *intentionally* participated in violating the thirteenth section of the statute (same in New Jersey), requiring that the business shall be conducted in the names of the *"general partners,"* without the addition of the word *"company,"* he is not to be deemed a general partner.

*New York General Term, February,* 1864.
*Before* LEONARD, P. J., CLERKE *and* SUTHERLAND, *Justices.*

APPEAL by defendant from a judgment at special term rendered in favor of the plaintiff.

L. S. CHATFIELD, *for appellant.*
AUGUSTUS F. SMITH, *for respondent.*

By the court, CLERKE, J. In *White* agt. *Hackett,* a special partner claimed to share the assets of the copartnership with other creditors, for advances made by him for the business of the firm, over and above the amount of capital he had contributed. The statute of this state, relating to limited partnerships, expressly declared that no special partner shall, under any circumstances, be allowed to claim as a creditor until the claims of all the other creditors shall be satisfied. Of course, in the face of a provision so plain and so peremptory, nothing was left for the special term but to render judgment against the claimant. This judgment, by some unacountable oversight or misapprehension, was reversed by the general term (*White* agt. *Hackett,* 24 *Barb.* 290). The other creditors instantly appealed to the court of appeals, and I need scarcely add, that the judgment of the general term was reversed, and that of the special term affirmed (20 *N. Y. R.* 178).

The case before us arises under a limited partnership formed in New Jersey, under the laws of that state, which are precisely the same with regard to this subject as those of New York were at the time the indebtedness in *White* agt. *Hackett* accrued. Indeed, the statute of New Jersey is an exact transcript of the provisions of the New York statute, and the 23d section of it is, word for word, the

same as the corresponding section in the New York statute, to which I have referred, and from which I have above quoted. In the case before us, the referee finds that the plaintiff was a special partner, and that in the formation of the partnership the requirements of the law were strictly complied with, and that the notes for which this action was brought, were given for a good and valuable consideration by the general partners by their firm name, to the plaintiff, their special partner, and he decides that the plaintiff is entitled to judgment.

The only question that can arise in this case is, whether we can look into the whole case and ascertain whether the firm was insolvent or bankrupt; because if we can, and if we ascertain that it was, the twenty-third section of the statute unquestionably applies, and would defeat the plaintiff's claim. The referee does not expressly find anything upon this point. But the complaint alleges that the notes being many months due, an action was commenced against the general partners in the circuit court holden at Newark, in and for the county of Essex, and state of New Jersey, and that a judgment was recovered against them for the amount of the notes with interest, which remained in full force and effect, and unsatisfied, at the time this action was commenced in the state of New York. The defendant does not traverse the recovery of the New Jersey judgment. This surely is sufficient proof of insolvency or bankruptcy, according to the true spirit and meaning of the statute. Besides Jones, the defendant, testifies that although at one time it was believed the firm was solvent, it was subsequently ascertained to be insolvent.

The referee, therefore, should have found that the firm was insolvent. Instead of this, he in effect, though not in formal and express words, finds that it was solvent; for otherwise, he could not legally have decided in favor of the plaintiff. Finding impliedly or expressly in favor of the solvency of the firm, was palpably against evidence.

With regard to the title of the firm, it appears that they employed the title of Darius E. Jones & Company. This no doubt is in violation of the 13th section of both the New Jersey and New York statutes. I am inclined to think that the provision of this section is not merely directory. To be sure it does not say if such title is used, that the special partner shall be deemed a general partner. But in *The Madison County Bank* agt. *Gould and others* (5 *Hill*, 309), it was held that the intentional violation of the statute by the special partners will have the effect of deeming them general partners. The violation of the statute committed by the special partner in the case to which I have referred, was the withdrawal of a part of the capital which he had contributed, and together with the general partners, purchasing with it real estate, and taking a conveyance of it to all the partners, general and special. This was a violation of section 15. This section, however, does not say expressly, any more than the 13th section, that the consequences of violating what it prescribes shall be that the special partner shall be deemed a general partner, yet such is the effect given to it in *The Madison County Bank* agt. *Gould.* The court, however, held that every violation of the statute must be shown to have been intentional on the part of the special partner. In the case under consideration, no proof was given to show that the plaintiff intentionally participated in violating the section requiring that the business shall be conducted in the names of the general partners, without the addition of the word " company." The judgment, however, should be reversed on the other grounds, a new trial ordered, and costs to abide event.

LEONARD, P. J., concurred, and SUTHERLAND, J., delivered the following dissenting opinion :

SUTHERLAND, J. The act of the legislature of New Jersey, was proved as a fact and found as a fact by the referee. He also found that the plaintiff and the defendants, in pur-

suance of the provisions of the act, made and executed a certificate for the formation of a limited partnership; that the certificate was duly acknowledged, and the affidavit required by the act duly made, and that the certificate and affidavit were duly filed in the office of the clerk of the proper county, and that they were recorded by the clerk as required by law, and that the terms of the partnership were published in the manner required by law.

It results from these findings of fact that the special partnership was duly formed; and the referee further found as a fact, that in pursuance of the terms of the certificate, the defendants were the general partners of said firm, and the plaintiff the special partner. I am inclined to think that the defendant's exception at the end of the case is too general to authorize him to question any or either of the findings of fact, but if otherwise, the findings appear to me to be authorized by the evidence. In adopting the firm name of Darius E. Jones & Co., for the limited partnership, the directory provision of section 13 of the act was disregarded; but as the name of the plaintiff, the special partner, was not used, such irregularity in the firm name did not make him a general partner under that section, I do not see how this irregularity affects any question in this case.

The only material question presented by the appeal is, I think, whether the plaintiff, having been a special partner when the notes were given, could bring an action at law upon the notes against the defendants, the general partners; whether a special partner upon loaning to or paying money for the general partners as a firm, outside of and beyond the amount to be contributed by him as capital as a special partner, becomes a creditor of the firm, and has the rights of a creditor, the same as if he were a stranger. Upon principle, I cannot see why he does not. He is a partner only as to the specific sum contributed by him as capital. There is sufficient authority, I think, for holding

that he may be such creditor, and may bring an action against the firm (see *Troubat's Law of Limited Partnership*, §§ 307 *and* 320).

The case of *White* agt. *Hackett* (24 *Barb*. 290), it seems was reversed in the court of appeals (20 *N. Y.* 178), but I do not see that there are properly in the case any questions growing out of the alleged insolvency of the limited partnership. There is no finding of the referee, nor was there any request for him to find, on that subject. There are no obligations on the pleadings to raise the question, or an issue as to the solvency or insolvency of the firm.

The judgment I think should be affirmed, with costs.