IN THE MATTER OF THE ACCOUNTING OF ANTHONY RIESER AND JOHN D. DERRENBACHER, ASSIGNEES OF J. & J. P. DERRENBACHER.

*Insolvent firm—the assignee of one partner cannot enforce as a firm debt a debt due from the firm to his assignor.*

A firm indebted to one of its partners, for goods sold to it by him, became insolvent and made a general assignment. The partner also became insolvent, and made an assignment for his creditors. Upon an accounting the assignee of the partner was allowed to prove the amount due from the firm to his assignor as a firm debt, and to share in the distribution of the assets of the said firm with the other firm creditors.

*Held,* that this was erroneous; that such debt could be paid only after all the other creditors of the co-partnership had been fully paid.

APPEAL from an order of the Ulster County Court, in reference to the settlement and distribution of the estate of an insolvent firm.

*J. Newton Fiero,* for the creditors, appellants.

*E. S. Wood,* for the respondents.

BOARDMAN, J. :

John and John P. Derrenbacher were partners from January, 1873, to December, 1877, dealing in groceries and supplies. During the same period John was a dealer, on his individual account, in flour, feed and grain, and sold such articles to the firm. The firm made payments to John from time to time on account of said purchases. On the 13th of December, 1877, there was due John from the firm upon said account a balance of $11,281.03. On the day last named both John and the firm of J. & J. P. Derrenbacher, being insolvent, made assignments in trust for their respective creditors. Upon an accounting had by the assignees of the co-partnership, the above balance of account was proved and allowed as a debt against the firm entitled to share in the distribution of the assets of said firm as other creditors of the firm. The creditors appeal from such order and insist that, on the facts shown, John, an insolvent partner of the insolvent co-partnership, cannot claim pay upon such indebtedness until the other joint creditors of the co-partnership have been fully paid and satisfied.

The rule is now well settled that partnership assets are first to be applied to the payment of partnership debts, and individual assets to the payment of individual debts. If partnership assets shall not suffice to pay partnership debts, resort may be had to any surplus of personal assets after payment of personal debts, and *vice versa.* This rule is not questioned by counsel. But it is claimed that under it this debt of over $11,000 is as much entitled to share in the firm assets as any other, and that the creditors of John, in equity and justice, should have whatever dividend is due to it as a firm debt, to be distributed to them under John's assignment. It is difficult to see why such claim is not just and equitable ; but the authorities seem to be against it.

" Where all the parties become bankrupt the general rule is, that the separate estate of one partner shall not claim against the joint estate of the partnership in competition with the joint creditors, nor the joint estate against the separate estate in competition with separate creditors.". (Collyer on Part., § 948.) There are two exceptions to this general rule : one arising out of fraud, etc., not applicable in this case, and the other where two firms are dealing with each other, and some of the parties are the same in both firms, as in *Cole* v. *Reynolds* (18 N. Y., 74).

The same rule is laid down in Parsons on Part. (pp. 499, 500), and in Gow on Part. (chap. 5, § 3, p. 290, *et seq.* [3d Am. ed.] ; *Ex parte Reeve,* 9 Vesey, 589; *Ex parte Adams,* 1 Rose, 305; *Ex parte Harris,* id., 438, and 2 Ves. & Bea., 212.) In the latter case Lord ELDON says : " If one partner lend £1,000 to the partnership, and they became insolvent in a week, he cannot be a creditor of the partnership, though the money was supplied to the joint estate ; that is, no proof can be admitted to affect the creditors, though the individual partners may have the right against each other."

The principle upon which this doctrine is founded is this : the creditor partner, if solvent, could not claim anything against the co-partnership assets until its creditors, who are also his creditors, are fully paid, and hence his creditors, upon his insolvency, can take no greater rights than he had. The authorities cited in the text-books referred to seem to sustain the principle as stated above.

Our own reports seem quite destitute of authorities upon the precise question involved. *Hayes* v. *Bement* (3 Sand. S. C. R., 394) recognizes, however, the rule as stated. The principle is also sustained in *White* v. *Hackett* (20 N. Y., 178), in which Judge GRAY says : " Had Schenck been a general partner, the indebtedness to him would have been postponed until the creditors of the firm should be satisfied."

Upon authority we are satisfied the order of the county court, so far as it allowed the claim of John Derrenbacher as a debt against the partnership assets, to be paid its distributive share with other creditors of the firm, was erroneous, and should be reversed, with ten dollars costs and expenses of printing.

LEARNED, P. J., and BOCKES, J., concurred.

Order reversed, with ten dollars costs and printing disbursements.