## JAFFE, *Appellant*, v. KRUM, *Assignee*.

1. **Limited Partnership, LOAN TO BY SPECIAL PARTNER.** An advancement made by a special partner to a limited partnership by way of a loan is within the terms of Revised Statutes, section 3409, which postpones such partner as a creditor where the firm is insolvent, until the other creditors are paid.

2. ————. The common law governs limited partnerships where no contrary provision is made by the statute.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Hough, Overall & Judson* for appellant.

(1) Revised Statutes, section 3409, clearly refers to the advancement of the limited partner as capital, and not such loans as he may make outside of his advancements as a limited partner. *Clapp v. Lacey*, 35 Conn. 463. (2) The statute is in aid of commerce and should receive a liberal construction. (3) It is of the very essence of limited partnership that the special partner by complying with the law risks nothing but the capital advanced. The attitude occupied by the special partner towards the business more nearly resembles the position at common law of one who contributes to the capital stock by way of the loan of a specific sum as a creditor.

*W. B. Douglass* and *W. H. Scudder, Jr.*, for respondent.

(1) The object of the statutory provision in question was to prevent special partners from taking advantage of their position to perpetrate frauds on the creditors

of the firm. *Marshall v. Lambeth,* 7 Rob. 471; *Ames v. Downing,* 1 Bradf. 326; *Jacquin v. Buisson,* 11 How. Pr. 335. (2) The appellant cannot recover in this case; the statutory provision in question applies to the case here presented. *Batchelder v. Altheimer,* 10 Mo. App. 181; *Innes v. Lansing,* 7 Paige, 583; *White v. Hackett,* 20 N. Y. 178; *Dunning's Appeal,* 44 Pa. St. 150; *Mills v. Argall,* 6 Paige, 577, 582; *Hayes v. Heyer,* 35 N. Y. 326; *Hutchinson v. O'Brian,* 5 Leg. & Ins. Rep. 27.

BLACK, J.—The agreed facts show that O. M. Jaffe and William Robertson made a limited partnership under the statute of this state, the business to be conducted under the name of William Robertson, Jaffe being the special partner. All the statutory pre-requisites were complied with. The special partner thereafter advanced to the firm $15,503.96 as a loan, having previously paid in his entire contribution, as agreed upon in the written partnership agreement. Thereafter the partnership became insolvent, and Robinson, for the firm, made a deed of voluntary assignment. Jaffe, who had his demand allowed by the assignee, now claims to be entitled to share *pro rata* with the other creditors as to his demand arising from the loan. The assignee denied to him this right, and so did the trial court.

The general scope of the statute with respect to limited partnerships is to provide how they may be formed, to exempt the special partner from personal liability for the debts, to deprive him of all power to manage the affairs, and to determine when and under what circumstances he shall be held as a general partner. Section 3409 is as follows: "If the partnership becomes insolvent, no special partner shall be paid as a creditor of the firm, or receive the benefit of any lien in his favor as such until the other creditors of the firm are satisfied."

Jaffe v. Krum.

The common law determines the rights and liabilities of partners in general, and that law governs in those limited partnerships where no contrary provision is made by the statute. *Marshall v. Lambeth*, 7 Rob. [La.] 471; *Ames v. Downing*, 1 Bradf. 326.

Now, there is no room for doubt as to what the section of the statute above quoted means. In case of insolvency of the partnership it excludes, or rather postpones, the special partner as a creditor, until the other creditors are satisfied. Advances made by him to the partnership by way of a loan are clearly within its terms. It cannot be confined in its operation to the advances made by way of contribution to the capital under the articles of partnership. That would render the section wholly useless, for without it there is nothing in the statute which would permit the special partner to share with the other creditors as to his part of the capital invested. The whole scope of the act is to the effect that he subjects that to the hazards of the enterprise. The law makers have used emphatic language, and we have nothing to do but abide by their words. Other courts have reached the same conclusion upon statutes in substance the same as the one under consideration. *White v. Hackett*, 20 N. Y. 179; *Mills v. Argall*, 6 Paige, 577; *Ward v. Newell*, 42 Barb. 482; *Dunning's Appeal*, 44 Pa. St. 150.

The judgment in this case is affirmed. All concur.