HENRY A. BUCK and Another, as Administrators, etc., of ELISHA  A. BUCK, Respondents, *v.* WILLIAM S. ALLEY, Respondent; FERDINAND T. HOPKINS and Another, Appellants.

*Limited partnership — use of & Co. in the firm name — when special partners are liable as general partners.*

The provisions of section 13 of the Limited Partnership Act of New York, contained in the Revised Statutes, as amended by section 1 of chapter 661 of the Laws of 1866, make the special partners of a limited partnership liable as general partners where the partnership uses as its firm name the name of its one general partner, with the addition "& Co." to the name of such general partner, if such use is with the knowledge and consent, and in accordance with the intention of the special partners.

*Semble*, that it is otherwise where there are or two or more general partners.

APPEAL by the defendants, Ferdinand T. Hopkins and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 26th day of June, 1894, upon the decision of the court rendered after a trial at the New York Circuit before the court without a jury.

*Austin Abbott* and *James MacGregor Smith,* for the defendants, appellants.

*Waldo W. Willard,* for the plaintiffs, respondents.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Judgment affirmed on opinion of court below.

The opinion of the Special Term was as follows:

PATTERSON, J.:

The cases in this State and in other jurisdictions in which interpretation has been given to section 13 of the Limited Partnership Act of New York, as it reads in the Revised Statutes, or to enactments similarly worded of other States, hold that the use of the words "and Company" or "& Co." in the firm name and style of a limited or special partnership, makes the special partners liable as general partners, if such use has been with their knowledge, consent

and intent (*Ward* v. *Newell,* 42 Barb. 482; *Bradbury* v. *Smith,* 21 Maine, 117; *Andrews* v. *Schott,* 10 Penn. St. 47), thus giving full enforcement to the liability declared by such enactments as a consequence of such use. It has also been held by the General Term of this court that the use of the words contrary to law would work the same result even if the statute were silent as to the imposition of a penalty. (*Ward* v. *Newell, supra.*) I do not understand the effect of these decisions to be disputed by the learned counsel for the defendants; but it is claimed that legislation contained in various amendments of section 13 has radically altered the rule of liability, whatever may theretofore have been the reason of the decisions made by the courts under provisions similar to those of the Revised Statutes. In 1862 (Chap. 476), 1864 (Chap. 43) and 1866 (Chap. 661, § 1) changes were made in the New York law respecting the firm name of this class of partnerships, and in the *last* of those acts it is provided that "the business of the partnership shall be conducted under a firm in which the names of the .general partners only shall be inserted, except that *where there are two or more general partners* the firm name may consist of either one or more of such general partners, with or without the addition of the words " and Company " or " & Co.," etc. This statute was in force when the limited partnership, in which the defendants Hopkins and Thomas were the special partners, and Alley the only general partner, was formed, the firm designation of which in the papers filed, and under which business was transacted, was " W. S. Alley & Co." The privity and intent of the special partners in this use are established by their signing and filing the certificate containing the firm name. The subject before the court is the proper construction of section 13 as it now reads, and as applied to a limited partnership having but one general partner and using as its firm name that of the only general partner with the addition " & Co." to the name of that general partner.

I think the construction must be that the nominal special partners are liable as general partners. The change in the law was permissive only and restricted to special circumstances. It is true that from 1862 the complete interdiction of the use of the addition at all has been removed, but the limitation of the permission to use it, to the one prescribed and defined set of circumstances, seems to show an

undoubted legislative intent to confine the use altogether to that one particular set of circumstances. This is not clinging too closely to the letter of the law, ignoring its spirit, but is rather recognizing the legislative purpose of adhering to what was theretofore inhibited *in toto,* except as such adherence was specifically abandoned. This intent is clearly expressed in the very terms of the statute by the employment of specific words of restricted allowance. Judge Edmonds, in his formulation of the rules for the interpretation of statutes, says the intention of a statute is not to be presumed, but is to gathered from its language, and, if that can be done, the policy of the enactment is not to be regarded. But, if we do consider the policy of the law upon the subject, it seems to justify the interpretation given. An act of 1833 (Chap. 281) provides that where in a firm designation the words " and Company " or " & Co." are used, they shall represent an actual partner or partners. That means a general partner or partners, for the use of the addition in special partnerships was then prohibited by the Revised Statutes. So that when the change as to special partnerships was authorized, there was in force a specific statute regulating the use of the words referred to, and the authorized change in limited partnership designations must have been made in view of the other legislation which existed at that time and still exists. The general policy of the law was, therefore, to confine the use of the words to general partnerships, each member of which would be liable in that relation, the special exception being in the case provided for by the amended section 13 of the Limited Partnership Law. Such being the state of the law, the exception must be strictly construed. It is urged that there can be no good reason why the privilege of using the addition should be granted where there are two or more general partners, and denied where there is but one such partner, but there is a substantial reason why it should be so, and that is that the use of the addition, as authorized by law, would be conclusive evidence to those dealing with the concern that more than one person was liable as a general partner. But, even if the criticism were sound, it is not the only seemingly arbitrary part of the statute. Construction was given to the Pennsylvania statute on the same point in the same way in 1883 (*Met. Nat. Bank* v. *Gruber,* 14 W. N. C. 12), and it is said (THAYER, J.): " This act, therefore, removes the

prohibition relative to the use of the words 'and Company' only in cases where there are more than two general partners (our act says 'two or more'), and requires, as a condition, that the names of all the partners shall appear upon a sign" as ours does. Reference is made by the learned counsel for the defendants to an earlier case in Pennsylvania, decided in 1875 (*Vilas Bank* v. *Bullock et al.*, 10 Phila. 309), as sustaining his view of the proper construction of section 13 of our statute. I cannot adopt all the reasoning of that case; it may be said, however, that the Pennsylvania supplementary act of February, 1868, differs from ours, in that it is there provided that the firm name of any limited partnership may consist of the name of *any general partner*, with the addition, etc. That may indicate that in Pennsylvania the firm name · has ceased to be of much importance, but I cannot conclude that under our law the firm name has ceased to have any significance, or that the displayed sign with the names of the general and special partners upon it, is to take the place of the firm style. Holding these views, I am of the opinion that the plaintiffs are entitled to judgment.