The People ex rel. The Pacific Mail Steamship Company, Appellants, *v.* The Commissioners of Taxes and Assessments for the City and County of New York, Respondents.

As to whether, under the statutes of this State, there is any other method of taxation of a corporation than by assessing its capital stock at its actual value, without regard to the *situs* of the property, *quære.*

Assuming that the personal property of a corporation located outside of the State is in any event entitled to exemption from taxation, a temporary absence is not sufficient to create the exemption; but the change of location must be permanent, positive and unequivocal.

The fact that a steamship company, located for the purposes of taxation within this State, has invested a portion of its assets in steamships owned by and being built for it outside of the State, does not exempt it from taxation upon such vessels.

In an affidavit presented to the commissioners of taxes and assessment for the city and county of New York, for the purpose of claiming exemption from taxation upon vessels so being constructed, the value of the vessels was not shown, but simply the amounts paid upon account thereof to the contractors.    *Held*, that the affidavit was fatally defective; that, if entitled to an exemption, the actual value should have been shown affirmatively and clearly.

(Argued March 24, 1876; decided April 4, 1876.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department modifying an assessment made by the commissioners of taxes and assessment of the city and county of New York upon relators' capital stock and affirming the same as modified, which assessment was brought up for review by certiorari. (Reported below, 5 Hun, 200.)

The said commissioners originally assessed relator at $20,000,000. The assessment was objected to, and application made for a correction upon an affidavit of the vice-president of the relator, with schedules attached. The commissioners reduced the assessment to $5,749,518, which they ascertained by fixing the actual value of the capital of the company at $14,850,526.49 and deducting therefrom the value of the

company's real estate, its own stock held by it, certain vessels not registered in the port of New York, and other personal property permanently located elsewhere. The relator objected to the corrected assessment: First. That the commissioners should have also deducted the amount of stock owned by relator of the California Dry Dock Company, a foreign corporation. Second. That they should have deducted the value of the sums paid on account of certain steamships in the process of construction outside of the State.

The statement in the affidavit in reference to the second objection was as follows:

" That another large portion of such personal property consists of steamships in process of construction, all of which, on the said first day of January, 1874, were being constructed outside of the State of New York, under contracts with the builders thereof, by which it is stipulated that the title to said vessels and the ownership of the same shall vest in the said Pacific Mail Steamship Company as fast as the building of said vessels respectively progresses, and that schedule F contains a description of said steamships, and shows the actual sums of money which have been paid by the said company on account of the same respectively, prior to January 1, 1874."

Schedule F simply gave the names of the steamships so being constructed, with the amount of money paid on each.

·The General Term allowed the first objection, and directed the value of the capital stock of said corporation to be deducted, and the assessment was so modified.

*Coles Morris* for the appellants. With regard to the exemption from taxation of personal property out of the State, there is no difference between individuals and corporations. (*People ex rel. Bk. of Comm. v. Comrs. of Taxes*, 23 N. Y., 192, 223; *People ex rel. Pac. S. S. Co. v. Comrs. of Taxes*, 1 T. & C., 611.) The relator was not liable to be taxed on the steamships permanently located on the Pacific coast. (*People ex rel. P. M. S. S. Co. v. Comrs. of Taxes*, 58 N. Y., 242; *State Tax on Foreign-held Bonds*, 15 Wal., 300, 319;

*R. R. Co. v. Jackson,* 7 id., ; *McCulloch v. State of Maryland,* 4 id., 317, 429; *U. S. v. Rice,* 4 Wheat., 246.)

*James C. Carter* for the respondents. The general scheme of taxation in respect of the property of corporations other than real does not look to any valuation of their property as such, or where it might be situated, or take account of their debts in determining the amount on which they should be taxed. (*Bk. of Utica v. City of Utica,* 4 Paige, 399; *People v. Suprs. of Niagara,* 4 Hill, 20; *Oswego Starch Factory v. Dolloway,* 21 N. Y., 449; *People ex rel. Bk. of Comm. v. Comrs. of Taxes,* 40 Barb., 334; 2 Black, 620; *People ex rel. Cit. G. L. Co. v. Bd. of Assrs. of Bklyn.,* 39 N. Y., 81.) The relators failed to make out a case for exemption in respect to the steamers in process of construction outside of the State. (*People ex rel. P. M. S. S. Co. v. Comrs.,* 58 N. Y., 242.)

Miller, J. It is claimed that the appellants were exempted from taxation upon certain steamships belonging to them, which were in the process of construction outside of the State of New York. The relators were bound to make out a case, and without considering the sufficiency of the other facts stated in the affidavit presented to the commissioners, there is one fatal defect which cannot be obviated, and that is that they did not show the value of the steamers which it was alleged were in the course of being built by or on the behalf of the company beyond the jurisdiction of the State. Proof that money had been paid on account of the same to the contractors, which was all that the affidavit showed, was not evidence of their real and actual value or sufficient to establish that fact. This should have been proved affirmatively and clearly, and it should have been shown by other and satisfactory evidence that this money had been actually used and expended in the building of the steamships. For any thing which is made to appear from the affidavit or otherwise, the money may have been paid in advance,

and at the time may not have been applied for the purposes claimed. There was most manifestly a deficiency in the proof which, of itself, would have justified the conclusion at which the commissioners arrived, that no exemption was made out.

But aside from the reason stated there is, we think, another insuperable difficulty in the way of sustaining the exemption claimed, and that is that the *situs* of the vessels alleged to have been building outside of the State was by no means fixed so as to authorize the conclusion that they were beyond the jurisdiction of the State of New York, so as to be exempted from the reach of taxation there. A temporary absence from this State would not, of itself, be sufficient for such a purpose; for, if this was so, then a casual change of the locality of personal property would relieve it from the operation of the assessment laws. Assuming that the personal property of an incorporation which is located abroad or outside of the State, is at all entitled to exemption, the change should be permanent, positive and unequivocal. If such an exemption can be upheld at all, it cannot be sustained where the change is only for a season, uncertain and vacillating, and merely consists in the building of vessels which are owned by an incorporation which has a location for the purposes of taxation within the State.

We deem it proper to say we do not intend to intimate, that under the statutes of this State, there is any other mode of taxation of a corporation than by assessing the capital stock at its actual value, without regard to the *situs* of its property.

It follows from the views expressed that the judgment of the General Term was right and must be affirmed, with costs.

All concur.

Judgment affirmed.