THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE ZULIA STEAM NAVIGATION COMPANY, Appellant, *v.* THE COMMISSIONERS OF TAXES AND ASSESSMENTS OF THE CITY OF NEW YORK and Others, Respondents.

*Assessment of a corporation for the purposes of taxation — the fact that its personal property is out of the State does not preclude its assessment therefor.*

A corporation having its principal office in the city of New York, and having a capital stock of $70,000, of which $35,000 had been paid in, was the owner of a certain steamboat which had been sent to the Zulia river, in Venezuela, which had cost about $17,000; the balance of the paid-up capital stock had, most of it, been expended on account of the transportation of the vessel to South America. The commissioners of taxes and assessments assessed the company upon the full amount of $35,000.

PEOPLE ex rel. Z. S. N. CO. v. COMRS. OF TAXES. 313

First Department, January Term, 1889.

*Held*, that an objection on the part of the corporation that, inasmuch as the permanent location of this personal property was shown to be outside of the territorial limits of the State of New York, the company was entitled to exemption from taxation in this State, was not well taken.

That the intention of the law was that the assessment on the capital stock of the corporation should be made without regard to the actual location of its personal property.

That it did not appear that the capital stock of the appellant was assessed at an excessive valuation, as the expenditure of the money spent in getting the steamer to South America could not be assumed to have been without advantage to the company, and in the absence of evidence to the contrary it would be assumed to have yielded an adequate return.

Appeal from an order entered in the office of the clerk of the county of New York, on the 20th day of July, 1887, which confirmed the proceedings of the commissioners of taxes and assessment of the city of New York and dismissed certain writs of *certiorari* issued herein, with costs to the respondents.

*De Lancey Nicoll*, for the appellant.

*George S. Coleman*, for the respondents.

Bartlett, J. :

This is a proceeding by writ of *certiorari*, under chapter 269 of the Laws of 1880, to review an assessment made by the Commissioners of Taxes and Assessments of the City of New York against the Zulia Steam Navigation Company for taxation on its capital stock for the year 1881.

It appears that the company was incorporated in 1880, under the Laws of this State, to build and own, charter and navigate vessels on lakes and rivers within this State, but also and chiefly in Venezuela and the United States of Colombia. Its principal office was in the first ward of the city of New York. This made it a resident of the city for the purposes of taxation. The capital stock of the company was $70,000, of which $35,000 had been paid in prior to the second Monday of January, 1881, but no shares of stock had actually been issued. Of this $35,000, about $17,000 had been expended in building a steamboat which had been sent to the Zulia River in Venezuela, but had not yet been tried. The balance of $18,000 had, most of it, been expended on account of the transportation of the vessel to South America, and other incidental

314  PEOPLE ex rel. Z. S. N. CO. *v.* COMRS. OF TAXES.

First Department, January Term, 1889.

charges outside the actual cost of construction. The commissioners assessed the company the full amount of $35,000 as the actual value of its capital, and the court at Special Term has refused to reduce or set aside such assessment.

In behalf of the relator, it is contended that, inasmuch as the permanent location of the personal property of the Zulia Steam Navigation Company was shown to be outside the territorial limits of the State of New York, the company was entitled to exemption from taxation in this State; and it is further urged that even if liable to be taxed on its capital, without deduction on account of property permanently located in a foreign country, the assessment was, nevertheless, erroneous, because the capital stock was overvalued instead of being assessed at its actual value as required by law.

The provisions of the Revised Statutes in reference to the taxation of the capital stock of corporations, as amended by chapter 456 of the Laws of 1857, have very frequently come before the courts for consideration; and, although no express adjudication is to be found by the court of last resort to the effect that the capital stock of an incorporated company, which is legally a resident of this State, may be taxed here, notwithstanding that the property which that stock represents is situated in a foreign State, I think such is the implication fairly to be derived from the principal cases which have been decided by the Court of Appeals bearing on this question. With respect to individual owners who are assessed for tangible personal property, the *situs* of such property is most material; and if it be without the State, that fact will defeat the assessment. (*People ex rel. Hoyt* v. *Commissioners*, 23 N. Y., 224.) But with respect to corporations the mode of taxation is different. The assessment under the act of 1857 is the estimate of the actual value, not of the personal property of the corporation as such, but of its capital stock after making the statutory deductions; and, although the personal property which the corporation owns may, and usually does, form a very important element in making up the aggregate value of the capital stock, other elements often come in, as for example, the value of the corporate franchise. And the intent of the legislature seems to have been that this assessment on the capital stock should be made without regard to the actual location

PEOPLE ex rel. Z. S. N. CO. v. COMRS. OF TAXES.  315

First Department, January Term, 1889

of the personal property.    In the case of *The People ex rel. Pacific Mail Steamship Company* v. *Commissioners of Taxes* (64 N. Y., 541), the relator claimed that the assessment upon its capital stock should be reduced by deducting therefrom certain sums paid on account of steamships which were in process of construction outside the State.    This claim for exemption was denied on the ground that it did not appear that the absence of these vessels from the State was anything more than temporary ; but the Court of Appeals was careful to say that it did not intend to intimate that under the statutes in this State there was any other mode of taxing a corporation than by assessing the capital stock at its actual value without regard to the *situs* of its property.    And in the much later case of the *People ex rel. Panama Railroad Company* v. *Commissioners* (104 N. Y., 240, 249), the language of ANDREWS, J., clearly implies that the capital stock of a New York corporation is taxable here, although most of the property which really gives that stock its value may be situated in a foreign country.    Thus he speaks of the possibility of corporations being subject to double taxation : " Where some portion of their personal estate may be in another State or country and is taxable under the laws of the foreign jurisdiction ; " and he points out that all which the State in justice should exact from a corporation having nearly its whole property in a foreign jurisdiction would be to impose on it " a franchise tax, and a tax on its real estate and its tangible personal property having its actual *situs* within our jurisdiction, and its credits."    But he says the remedy against the general rule prescribed by the act of 1857 is with the legislature, and not with the courts.

These observations and others in the same opinion necessarily involve the assumption that the Panama Railroad Company was liable to taxation in this State upon capital representing personal property situate in South America ; and if that be so, the relator in this case is similarly taxable.

We do not think that the capital stock of the appellant was assessed at an excessive valuation.    The fact that the actual cost of constructing the vessel sent to Venezuela was only about $17,000, did not necessarily require a reduction of the assessment to that amount.    The expenditure of an equal sum in getting the steamer into South American waters could not properly be regarded as a

loss. It might fairly be assumed, by the assessing officers, that such expenditure was advantageous to the company, and in the absence of evidence to the contrary would yield an adequate return. If it were thus, in fact, a profitable investment, we can see no reason why the actual value of the capital stock was not equal to the amount which had been paid in.

We find no error in the proceedings of the respondents, and the order confirming those proceedings should, therefore, be affirmed.

BRADY and DANIELS, JJ., concurred.

Order confirming proceedings affirmed.