## SUPREME COURT.

ANTHONY MOWBRAY agt. JOHN LAWRENCE and JOHN KELLY, sheriff, &c.

An *injunction* will not be allowed to restrain the *sale of the interest* of one partner in *copartnership property* on judgment and execution against such partner, to recover a debt due from him individually.

*New York Special Term, November,* 1861.
DEMURRER to complaint.

A. J. VANDERPOEL, *for defendant Kelly.*
NELSON SMITH, *for plaintiff.*

LEONARD, Justice.    The authorities in this state are
adverse to the interference of a court of equity, by injunc-
tion to restrain the sale of the interest of one partner in
copartnership property, on judgment and execution against
such partner to recover a debt due from him individually.
(*Moody* agt. *Payne,* 2 *J. Ch. R.,* 548 ; *Phillips* agt. *Cook,* 24
*Wend. R.,* 389.)

In the case of *Phillips* agt. *Cook,* although an action at
law, the English authorities, upon which ours are founded,
are carefully reviewed by Judge COWEN, and he comes to
the conclusion that the remedy of the solvent partner,
where he has been injured by such a levy, is to proceed in
equity against the purchaser at the sheriff's sale, for the
purpose of ascertaining the interest which the purchaser
has acquired or which the debtor owned in the property at
the time of the sale, and that the creditor has an absolute
right to have the interest of his debtor in partnership pro-
perty sold on execution, which neither a court of law or
equity ought to restrain.    (*Vide also note* 2, *to* § 831, *Colyer
on Partnership,* 4*th Am. ed.*)

The purchaser acquires only the interest which the
debtor has in the partnership property after the payment
of partnership liabilities, and the protection of the rights
of the other partners.

In the present case there are no averments in the com-
plaint to show that the debtor, in the execution, had not
some interest in the property levied on after the satisfac-
tion of the partnership debts, and after deducting the inte-
rest of the plaintiff from the partnership estate.

It is stated that the liabilities are $18,000, and that the

plaintiff contributed $11,000 to the joint stock; but it is not stated what was the amount or value of the contribution of the debtor Lawrence, or what is the present value of the partnership estate.

There are no means of determining from these averments that the debtor has not an interest which the creditor should be allowed to reach by a sale on his execution.

If the debtor has an interest in the assets of the partnership over and above the claims of partnership creditors and of the plaintiff, there is no reason at law or in equity for interfering to stay the sale.

The plaintiff should at least make it appear by his complaint that there was no such interest to be reached by levy or sale. (*Story on Partnership*, § 264.)

Judgment for the defendant Kelly on the demurrer, with costs.