THE CONTINENTAL NATIONAL BANK of Boston, Appellant, *v.* HENRY W. STRAUSS, Impleaded, etc., Respondent.

Where the defendants in an action are sought to be charged as general partners, and one of them sets up as a defense that the firm is a limited partnership in which he is a special partner, the burden is upon plaintiff to establish affirmatively that said defendant is a general partner, if not as between himself and the other defendants, at least presumptively as to creditors of the firm

An infant may become interested in business as a general partner in a limited partnership; he is responsible for all the partnership engagements until he elects to set up the personal plea of infancy, and the presumption is that he will not do this.

The fact, therefore, that one of the general partners is an infant, does not affect the liability of a special partner.

Where the assets of a limited partnership were being wasted by the misconduct of one of the general partners and the special partner brought an action for a dissolution of the firm, an accounting and the sequestration of its assets through a receivership, *held,* that this was not such an interference with the firm business as fastened upon him the liability of a general partner, nor did the fact that in such action he was appointed receiver charge him with such a liability; that this was not within the inhibition of the limited partnership act (1 R. S. 767, § 24) against a dissolution by acts of the parties previous to the time specified in the articles.

(Argued January 20, 1893; decided January 31, 1893.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 11, 1892, which affirmed a judgment in favor of the defendant, Henry W. Strauss, entered upon an order of the court on trial at Circuit which dismissed the complaint as to said Strauss.

The nature of the action and the facts, so far as material, are stated in the opinion.

*B. F. Watson* for appellant. The trial court erred in ruling that defendant Strauss was proved to be a special partner. (*Ropes* v. *Colgate,* 17 Abb. [N. C.] 136; *Van Ingen* v. *Whitman,* 62 N. Y. 513; *Plyer* v. *G. A. Ins. Co.,* 121 id. 689;

*M. C. Bank* v. *Gould*, 5 Hill, 315.) If the trial court erred in holding that the appellant had proved the special partnership, such error was vital and affected the appellant's whole case injuriously. (*Winchell* v. *Winchell*, 100 N. Y. 159; *Nickerson* v. *Ruger*, 76 id. 279; *Loeb* v. *Willis*, 100 id. 231; *Van Ingen* v. *Whitman*, 62 id. 513; *Rehberg* v. *Mayor, etc.*, 91 id. 141.) The trial court erred in dismissing the complaint on the ground that there was no evidence to make the defendant Strauss liable as a general partner. (*Sharp* v. *Hutchinson*, 100 N. Y. 553; *F. N. Bank* v. *Whitney*, 4 Lans. 34.) It was error to refuse plaintiff's request to be allowed to go to the jury on the question of the liability of the defendant Strauss as a general partner. (*M. C. Bank* v. *Gould*, 5 Hill, 309; *M. N. Bank* v. *Palmer*, 30 N. Y. S. R. 509; *Loomis* v. *Hoyt*, 20 J. & S. 287; 1 R. S. 767, §§ 21, 22; *Fanshawe* v. *Lane*, 16 Abb. Pr. 71; *Galvin* v. *Mayor, etc.*, 112 N. Y. 229.)

*B. F. Einstein* for respondent. Leo W. Hoexter, being an infant, did not convert the limited partnership into a general partnership, or make the respondent liable as a general partner. (*Ames* v. *Downing*, 1 Bradf. —; *Clapp* v. *Lacey*, 35 Conn. 463; *Riper* v. *Poppenhausen*, 43 N. Y. 68; *Avery* v. *Fisher*, 28 Hun, 508; *Moley* v. *Brine*, 120 Mass. 324.) The commencement of the suit in the Court of Common Pleas, and the appointment of the respondent as receiver, did not make the respondent liable as a general partner. (*Ogden* v. *Arnot*, 28 Hun, 148; *Hogg* v. *Ellis*, 8 How. Pr. 473; *Snyder* v. *Leland*, 127 Mass. 291; *Innes* v. *Lansing*, 7 Paige, 583; *Whitewright* v. *Stimpson*, 2 Barb. 379; *Bell* v. *Merrifield*, 28 Hun, 219; *Durant* v. *Abendroth*, 97 N. Y. 132, 134; *Hayes* v. *Heyer*, 3 Sandf. 293; *Van Alstyne* v. *Cook*, 26 N. Y. 489.) The court was correct in ruling that the testimony of the witness Young did not show that the respondent was a general partner. (*Cassidy* v. *Hall*, 97 N. Y. 159; *Painton* v. *N. C. R. Co.*, 83 id. 7; *Edington* v. *M. L. Ins. Co.*, 67 id. 185; *S. & S. P. R. Co.* v. *Thatcher*, 11 id. 102; *Farman* v. *Town*

*of Ellington,* 46 Hun, 41; *Derrick* v. *Emmons,* 38 N. Y. S. R. 481.)

Gray, J.    This is an appeal of the plaintiff from a judgment of the Superior Court of New York city, dismissing its complaint, in an action brought upon a promissory note, as against the defendant Strauss   The complaint alleged that the firm of A Hoexter & Company, an indorser upon the note, was composed of the defendant Augustus Hoexter, Leo W. Hoexter and Henry W. Strauss, as general partners. Strauss answered, denying the allegation, and alleged that A. Hoexter & Co. was a limited partnership, duly formed under the law, and in which he was the special partner.   Upon the trial coming on, the plaintiff was at first disposed to rest its case against Strauss upon certain evidence given by a clerk, who had been employed by the firm, to the effect that he had frequently seen Strauss come into the store, converse with the Hoexters and look at the books, and that his name appeared on the sign as a partner.   He did not know if there was any partnership agreement, and, upon being cross-examined, he said that Strauss' name was given as the special partner on the sign, upon which the other names appeared as general partners.   The trial judge holding that this proof only showed Strauss to be a special partner, the plaintiff was allowed to put in further proofs; which consisted in certain evidence of Strauss, given in proceedings by him as the receiver of the firm against A. and L. Hoexter, and in the pleadings and proceedings in an action instituted by him against the firm to obtain a dissolution, an accounting and the sequestration of its assets through a receivership.   From this evidence it was made to appear that the difficulties of the partnership arose out of the misconduct and malversations of Augustus Hoexter, which culminated, before the expiration of the term of the partnership, in the wasting or impairment of its assets, in its financial embarrassment, and, as the result of judgments against him which were sought to be enforced as against his partnership interest, in his making an assignment for the benefit of creditors and

absconding immediately thereupon. It appeared from the evidence, also, that Strauss had paid in his contribution of $50,000 of special capital and nothing appeared to connect him directly, or inferentially, with the firm as a general partner. The trial judge dismissed the complaint, at the close of plaintiff's case, as to Strauss; upon the ground that there was no evidence to make him liable as a general partner. We think he could not have ruled otherwise. The plaintiff was bound, under the issue tendered, to establish affirmatively that Strauss was a general partner, if not as between him and the other partners, presumptively as to creditors of the firm, before it was entitled to recover. But in this it failed; and the extent of the proof was to show that he was a special partner. If plaintiff had given any evidence tending to show that Strauss' act had been such as to involve him with the management or conduct of the partnership affairs; or that the provisions of the limited partnership law had been violated, in some way so as to make him liable as a general partner, the burden would then have been shifted to his shoulders and he would have been obliged to repel the presumptions arising from such evidence, by other evidence. But it was not for Strauss, when the plaintiff's evidence simply exhibited him as a special partner of the firm, to show that the statute had been complied with in all respects and that in none had there been such acts of commission or of omission, in violation of the statute, as to convert his liability into a general one as to firm creditors. The maxim *omnia praesumuntur rite esse acta* is applicable when the validity of proceedings taken under a statute is in question, and the status of a party thereunder remains secure, until his assailant has rebutted the presumption by evidence showing, or tending to show, material violations or jurisdictional irregularities; through occurrence of which the statutory proceedings are invalidated and are no longer a defense. That question may be one of law for the court to decide, upon a construction of statutory provisions; or it may be one of fact, which, as the fact may be decided by the jury, will determine the result to the parties

interested. In the present case, as the evidence was not conflicting, it was for the court to say whether it tended to show that the statutory provisions had been violated by Strauss, in such wise as to cast upon him the burden of meeting and overcoming the plaintiff's proofs. Very correctly, the trial judge ruled that nothing militated against Strauss' position as a special partner. His allegation in that respect had been, so far, only borne out by the evidence and every presumption was still in his favor.

We cannot agree with the learned counsel for the plaintiff that the fact of Leo Hoexter, one of the general partners, being a minor affected the question of Strauss' position and liability toward firm creditors. There can be no question but that an infant may become interested in business as a general partner. Nothing forbade it at common law and nothing in the statutory law now forbids it. His infancy was a factor in the situation, which enabled him to disaffirm his obligations and agreements and, in that respect, the privilege was a personal one to himself. Infancy does not disable one from entering into contracts and so long as the infant does not avail himself of the privilege to set up his infancy in bar of, or to avoid, an obligation, his position and his acts are as those of any responsible person. Any other view of his situation would lead to holding all his acts and engagements void; whereas they are voidable merely, at his election. The limited partnership act, in requiring that such partnerships may consist of one or more persons, who shall be called general partners, who shall be jointly and severally responsible as general partners now are by law, has not given a definition of who may be general partners, which is at variance with what has been said. If the general partner, or one of the general partners, is a minor, he, nevertheless, is responsible for all partnership engagements and will be, unless and until he elects to set up the personal plea of infancy. But that he will do so is not to be presumed. To the contrary is the presumption. It would be an immoral presumption to entertain that a person, who enters into engagements with others, will resort to the plea of infancy

to avoid them thereafter. The law has, with a great solicitude for the interests of infants, thrown about them a protecting arm and accords to them the privilege to plead their incapacity, if they desire to escape from compliance with, or the results of, some contract. It does not and cannot, perhaps unfortunately, make a distinction in favor of those who honestly seek to be relieved of some advantage taken of them in their minority, as against those who use the plea of infancy to take an advantage of others. The law does not compel them to set up the plea; any more than it stamps their engagements as void. There is not the slightest pretense, of course, here that Leo Hoexter ever did, or intended to, avail himself of this plea. The fact of his being a minor merely appeared in the evidence and is availed of for the argument. We hold that he might be a general partner and that nothing in the limited partnership act prohibited him from being one of the firm; in the letter, or the spirit of the law. The limited partnership law was intended to encourage the employment of capital in trade, by limiting the liability of the intending contributor to the capital invested, upon his compliance with the provisions of that law. While securing to the business community such an obvious advantage, it secures to them, in their dealings with the partnership, the fullest knowledge about its formation duly and in good faith, and requires in such respect the utmost exactness and good faith and the abstention of the special partner from any interference with, or from taking part in, the conduct of the business.

But the appellant further argues that there was an interference by Strauss with the business of A. Hoexter & Co., which was in violation of the command of the act and which fastened upon him the liability of a general partner; in that he brought the action for the dissolution of the partnership before the expiration of the term fixed in its articles and became its receiver. What the act inhibits is a dissolution by the act of the parties previous to the time specified in the articles. It would be too great a strain upon the reason, in my judgment, to say that the proceedings in question were within the con-

templation and the provision of the law. One of its sections (18) especially provides that general partners shall be liable to account to each other and to the special partner for their management of the concern, both in law and in equity, as other partners now are by law. This appeared to be a very plain case for the prompt intervention of a court of equity and for the sequestration of the firm assets in the hands of its receiver; upon facts showing the condition of embarrassment in the affairs of the firm, which Augustus Hoexter had brought about by his misconduct. The action was in the interest of creditors, as well as of the partners and the receiver, as an officer of the court, represented them both. Strauss had a right to take this step to compel an accounting and, meanwhile, by a receivership to hold and to get in what assets there might be of this firm, which had been so badly wrecked by the fraudulent acts of the absconding member.

His own appointment as the receiver was a matter, or question, of propriety, which concerned the creditors at the time, and it was not a matter which in any way affected or changed his legal relations as a partner under the articles of the partnership. The law does intend that a limited partnership shall continue for the term specified and that the parties shall not terminate it sooner by their agreement, while a going concern. It was not the intention to deprive the members of those equitable rights, which might accrue to them as against their associates by reason of fraudulent acts, the result of which is, in fact, to terminate or to cause a stoppage of its business. In such a case as this, the special partner's action is not hostile to the creditors, but, presumably, to their advantage.

These and other questions have been very fully and satisfactorily discussed at the General Term below and there is no necessity to add to the discussion, further than we have done.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.