THE PEOPLE ex rel. THE EDISON ELECTRIC LIGHT COMPANY, Appellant, *v.* FRANK CAMPBELL, Comptroller, etc., Respondent.

In proceedings by certiorari to review the action of the state comptroller in imposing a tax upon the relator, a domestic corporation, under the Corporation Tax Act (Chap. 542, Laws of 1880, as amended by chap. 361, Laws of 1881, and chap. 501, Laws of 1885), it appeared that the entire capital of the relator was originally invested in patent rights; that corporations were formed in this state and other states to whom the relator granted the right to use these patents, it receiving in compensation stock of such corporations, and during the year for which the tax was imposed it held such stock and received the dividends thereon. *Held,* that as to so much of said stock as was in corporations organized in this state it was capital of the relator employed in this state, and so it was a basis of taxation; but that as to the stock in corporations of other states it was capital employed outside of the state and was not to be taken into consideration.

*People* v. *American Bell Tel. Co.* (117 N. Y. 246), distinguished.

It was claimed that the relator held bonds of foreign corporations issued to it in payment for patent rights granted. *Held,* that so much of the relator's capital as was invested in these bonds was a basis of taxation under the act; that said bonds were presumably held by the relator at its office in this state and had their *situs* at the domicile of the owner.

Aside from the grants to domestic and foreign corporations of rights to use its patents, the relator retained its patent rights for use in territory not covered by the grants. *Held,* that the rights not granted were, within the meaning of the act, employed in this state.

A patent is a personal right conferred by the sovereign power upon and belonging to the patentee, and like other personal rights attends his person and exists where he is or where he puts it in use.

(Argued June 5, 1893; decided June 20, 1893.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made November 22, 1892, which affirmed proceedings of defendant, the comptroller of the state, in assessing and imposing a tax upon the relator for the year ending November 1, 1891, under the corporation tax laws, which proceedings were brought up for review by certiorari.

The facts, so far as material, are stated in the opinion.

*Eugene H. Lewis* for appellant. The capital stock of the relator invested in the stock of local companies without the state, is not liable to taxation here. (§ 11, chap. 542, Laws of 1880; chap. 151, Laws of 1882, and chap. 501 of the Laws of 1885; *People ex rel.* v. *Comrs. of Taxes,* 1 Hun, 143; 5 id. 200; 58 N. Y. 242; 64 id. 541; *People ex rel.* v. *Comrs. of Taxes,* 4 Hun, 595; 62 N. Y. 630; 104 id. 240; *People ex rel.* v. *Wemple,* 133 id. 323; *People ex rel.* v. *Coleman,* 126 id. 433; 129 id. 558.) The capital stock of the relator invested in letters patent of the United States and of other countries in North and South America is not liable to taxation here, except in so far as the said letters patent of the United States apply to the territory included within the state of New York. (*Stevens* v. *Gladding,* 17 How. Pr. 451; *Carver* v. *Peck,* 131 Mass. 291; *Dartmouth College* v. *Woodworth,* 4 Wheat. 699; *Patterson* v. *Kentucky,* 97 U. S. 503; *People* v. *A. B. T. Co.,* 117 N. Y. 241; *People* v. *Ins. Co.,* 92 id. 328.)

*S. W. Rosendale, Attorney-General,* for appellant. The comptroller, in estimating the amount of capital stock which should be the basis of the tax under section 11, chapter 361, Laws of 1881, as amended by chapter 501, Laws of 1885, properly held that the entire capital stock of the relator was employed within this state. (*People* v. *A. B. T. Co.,* 117 N. Y. 241; *U. S.* v. *A. B. T. Co.,* 29 Fed. Rep. 17; *Comrs.* v. *A. B. T. Co.,* 18 Atl. Rep. 122.) It is immaterial that a portion of the capital of relator is predicated on or consists of letters patent. (*People* v. *H. Ins. Co.,* 92 N. Y. 328;

134 U. S. 594.)   The determination of the comptroller as to the value of the capital of the relator was justified. (Laws of 1880, chap. 542, § 1; *People* v. *Wemple*, 129 N. Y. 563.)

Earl, J.   The relator is a domestic corporation with a capital of $1,500,000.   The comptroller, under the act chapter 542 of the Laws of 1880, and the acts amendatory thereof and supplementary thereto, determined that its entire capital in the year 1891 was employed in this state, and estimated its value at $3,000,000, and upon that sum imposed the tax authorized by the act.   The relator does not complain that the value placed upon its capital was too high.   But it claims that none of it was employed within the state, and hence, that none of it could be the basis of taxation under the act, and whether this claim as to the entire capital or any portion of it is well founded is the sole matter for our determination.

The tax could be imposed only as to so much of the capital as was " employed within this state," and the comptroller claimed that the whole of it was so employed.   We think he was mistaken.

It is sufficiently accurate for the purpose now in hand to say that the entire capital of the relator was originally invested in patent rights.   Corporations were formed in various cities of this state, and to a large extent in cities outside of this state, to use these patents, and to those corporations the relator granted the right to use the patents, and in compensation for such grants it received stocks of such corporations, and during the year 1891 it held such stocks and received the dividends declared thereon.

As to so much of such stocks as was in corporations organized and existing in this state, it cannot be doubted that its capital was employed within this state.   So much of its capital, *to wit*, its patents, as was used to purchase such stocks, was employed for that purpose, and was thus used for the business of the relator.   The stocks existed within this state and were kept and held to produce revenue here and hence in every sense were employed within this state.   They took the place

as a portion of the relator's capital of the patent rights transferred in payment for them.

The stocks which the relator took in companies organized outside of this state stood for so much of the relator's capital invested outside of the state. It took a portion of its capital, to wit, a portion of its patent rights, and employed it outside of the state to purchase those stocks. Its property in those corporations, represented by its shares of stock, was outside of this state, and was in no sense employed here. Those stocks had no *situs* here and were not taxable here under any system of taxation which has ever existed in this state. (*People ex rel. Pacific Mail Steam Ship Co.* v. *Comrs. of Taxes, etc., of New York*, 5 Hun, 200; *S. C.*, 64 N. Y. 541; *People ex rel. Trowbridge* v. *Commissioners of Taxes, etc., of New York*, 4 Hun, 595; *S. C.*, 62 N. Y. 630; *People ex rel. Seth Thomas Clock Co.* v. *Wemple, Comptroller*, 133 id. 323; *People ex rel. American Construction and Dredging Company* v. *Same*, 129 id. 558.) It is quite true that so much of the relator's capital as was invested in those stocks was not employed in business outside of this state. But that was not requisite to entitle it to the exemption. To make it the basis of taxation it must have been employed within this state, and that it was not so employed, we think we have sufficiently shown. The case of *People* v. *American Bell Telephone Company* (117 N. Y. 241), is not an authority for the comptroller in this case. In that case the defendant, a foreign corporation, held stocks in various companies in this state, and it was held that it could not be taxed under the act of 1880, on account of the investment of a portion of its capital in such companies, for the reason that it was not doing business in this state. Before a foreign corporation can be taxed under that act in this state it must not only employ a portion of its capital in this state, but it must also be engaged in business here. (*People ex rel. American Construction and Dredging Co.* v. *Wemple, supra.*) As to a domestic corporation it is sufficient to subject it to taxation under the act that its capital was employed within the state, and it is employed where it is kept and used for the purposes of the corporation.

It is said in this record, although not distinctly shown, that the relator also held bonds of foreign corporations issued to it in payment for patent rights granted. We think that so much of the capital as was invested in such bonds was a basis of taxation here, under the act. Those bonds were presumably held at its office in this state, and such bonds, as well as all *choses in action*, unless kept, employed, or used outside of the state, have their *situs* at the domicile of the owner. The bonds took the place of the patent rights granted for their purchase. They were kept and held here to earn revenue for the relator, and they were, in a proper sense, employed here for that purpose.

The relator had granted to various corporations, within and without the state, rights to use its patents, and thus far it had disposed of its patents. But it retained its patents for use in territory not covered by the grants made, and the remaining question is, where were the patent rights not granted employed? We think they were employed at the home office in this state. The main business of the relator was to perfect and protect its patents and to grant patent rights and to do whatever was needful and incident to that business; and that business was managed at and conducted from the home office, and its patents were kept and employed there in that business. A patent is an incorporeal right — a franchise, conferred by the sovereign power upon the patentee. It is personal to him, and until he is divested of the title thereto, like other personal rights, it attends his person and exists where he is or where he puts it to use. We are, therefore, of opinion that the comptroller did not err in including in the capital of the relator, to be estimated for taxation, its patents, so far as they had not been disposed of.

It follows from these views that the order of the General Term should be reversed and that the determination of the comptroller should be reversed so far as it included for the purposes of taxation the stocks held by the relator in foreign corporations, and that the matter should be remitted to the comptroller to the end that he may readjust the tax in accord-

ance with the views expressed in this opinion, without costs to either party in any of the courts.

All concur, except MAYNARD, J., taking no part.

Judgment accordingly.