JOHN VAN VOORHIS, Respondent, v. HAWLEY E. WEBSTER and Others, Defendants; CHARLES E. BOSTWICK, as Receiver of the firm of H. E. WEBSTER & Co., Appellant.

*Assignment by a partner of his interest in the firm — right of a special partner to compel an accounting — attachment..*

The assignment by members of a co-partnership of their interest in the firm and in its assets is necessarily subject to all the firm debts, and can result in nothing unless a surplus remains after all such debts are paid.

The partnership business of a limited partnership can properly be conducted by the general partners only, and although the special partner cannot, without becoming a general partner, participate in the conduct of the business, he has an interest in the partnership property and business, and for that purpose and in order to compel the general partners to account he has, as between them, the same rights that they have.

When an attachment, granted on the ground that the defendants have disposed of their interest in firm property with intent to defraud their creditors, should be vacated.

APPEAL by Charles E. Bostwick, as receiver of the firm of H. E. Webster & Co., from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 21st day of November, 1894, denying the appellant's motion to vacate an attachment obtained by the plaintiff.

*Arthur Sutherland,* for the appellant.

*John Van Voorhis,* for the respondent.

BRADLEY, J. :

The defendant Hawley E. Webster, by means of false representations, obtained of the plaintiff $500 on the credit of his firm of H. E. Webster & Co. Afterwards, on September 27, 1894, this action was commenced, and the warrant of attachment issued therein was levied upon partnership property of the defendants composing such firm. On the following day, in an action for the dissolution of the firm, etc., Charles E. Bostwick was appointed receiver of the partnership assets, and his motion to vacate the attachment was shortly thereafter made.

The grounds recited in the attachment are that the defendants have disposed of, and are about disposing of, their property with intent to defraud their creditors, and that they are secreting themselves and keeping themselves concealed to avoid the service of a summons.

The motion to vacate the attachment was made not only upon the papers on which it was allowed, but also upon other affidavits and papers. The latter ground so recited in the attachment was unsupported by the affidavits. The defendants did not seek to keep themselves concealed, and there was nothing in the affidavits tending to indicate that any of the defendants other than Hawley E. Webster sought to do so. (*Bogart* v. *Dart,* 25 Hun, 395.) And as to him the charge is not well sustained. The question is whether or not the attachment is supported on the ground that the defendants had assigned or disposed of their property with intent to defraud their creditors or were about to do so with such intent.

The defendant H. E. Webster, having the office of postmaster at Brockport, N. Y., had appropriated to his own use government funds derived from the business of the post office to the amount of

about $2,000. He was unable to pay it. The persons who were his sureties paid the amount. Thereupon he and his wife, Ella A. Webster, individually and as members of the firm of H. E. Webster & Co., sold and transferred to them all their right, title and interest in the partnership, together with their interest in the accounts, notes, claims and demands belonging to the partnership, including the lease of the coal yard. They also conveyed to the same persons a farm of sixty acres. Mrs. Webster conveyed to them the premises on which the coal yard was located and the lot on which she and her husband resided, and Mr. Webster transferred to them his horses, wagons, harnesses, etc. These conveyances, sales and transfers were made to secure and indemnify these persons on account of the liability they had assumed as sureties in the execution of Webster's official bond as postmaster. The support of the attachment is dependent upon the fact that such sales and transfers were to some extent fraudulent as against the creditors of the firm. The articles import a limited partnership of which the defendant Brown was a special partner. The case as presented here does not show that all was done which was requisite to constitute her a special partner within the statute. (1 R. S. 764, 765.)

But by the articles of co-partnership it was provided that she should as a special partner furnish $6,000, that Ella A. Webster should contribute to the capital stock of the firm the use of the coal yard, office and appurtenances, and that Mr. Webster should "furnish for the use of said co-partnership during its continuance all necessary teams, wagons, sleighs and tools necessary to use in conducting the said business. (The teams, wagons, etc., now owned by said Hawley E. Webster being estimated to be worth $1,200.)" The prescribed time of its continuance was until April 30, 1896. The title to the premises constituting the coal yard was in Mrs. Webster, and the title to the teams, wagons, sleighs and tools seems to have remained in Mr. Webster while they were in the use and service of the firm. By transferring her right as lessor in the lease given to the firm and the coal yard premises Mrs. Webster transferred only her individual property, and by transferring the horses, wagons, etc., Mr. Webster sold no partnership property. And the assignment of their interest in the firm and in its assets by Mr. and Mrs. Webster was necessarily subject to all its debts, and could

result in nothing unless a surplus remained after all such debts were paid. (*Hayes* v. *Reese*, 34 Barb. 151; *Mowbray* v. *Lawrence*, 22 How. Pr. 107.)

It is urged on the part of the plaintiff that the sale by Hawley E. Webster of the horses, wagons, sleighs and harnesses in the use of the firm was a sale of the partnership property. The fair construction of the terms of the articles of co-partnership does not seem to characterize that as firm property. Webster did not agree to furnish any particular horses, wagons, etc., for the use of the firm, although he contemplated applying those he had on hand to such use. He merely undertook to furnish for the use of the firm all teams, wagons, sleighs and tools necessary to use in conducting the business. This was his contract. It was a mere matter of undertaking on his part. He might at his pleasure without breach take any of these things out of the business and put in others suitable for the service. The title remained in him. He might also perform his undertaking by furnishing for such use teams and tools belonging to others and hired by him for the service. In transferring the horses, etc., Webster sold no property belonging to the firm.

It is urged on the part of the plaintiff that the use of the firm name in making transfer of the partnership property was unnecessary, and that the sale by Mr. and Mrs. Webster, who were the general partners, of their interest in the partnership property apparently carried the title to the property of the firm. That proposition is not deemed sound. Treating this as a limited partnership and the defendant Brown as a special partner, and not a general partner (which cannot well be done as against creditors), the partnership business could properly be conducted by the general partners only, and although the special partner could not, without becoming a general partner, participate in the conduct of the business, she had an interest in the partnership property and business, and for that purpose and to compel the general partners to account she had, as between them, the same rights they had. (1 R. S. 766, § 18; *Fifth Avenue Bank* v. *Colgate*, 120 N. Y. 381; *Continental N. Bank* v. *Strauss*, 137 id. 148.)

They, by the articles of co-partnership, adopted the firm name of H. E. Webster & Co., as that by which the partnership contracts could be made in the business by one or more and less than all of

the partners. As has been suggested, the defendant Brown had a due proportionate interest with the others in the partnership property. The transfer made by the other members did not purport to, nor did it, include anything more than their interest in it. Those two could do no more than that without using the firm name in making a transfer. (*National Bank of Salem* v. *Thomas*, 47 N. Y. 15, 19.)

It is not seen that Mr. and Mrs. Webster attempted to dispose of the property of the partnership for the purpose of securing or discharging his individual liability. But it does appear that there was a consideration for the transfer which he made and procured his wife to make in his behalf. There is no reasonable opportunity for imputation that in its purpose it was done with intent to defraud the creditors of the firm.

And as they disposed of no partnership property for his individual purposes, there seems to be no support for the attachment.

The order appealed from should be reversed and the motion granted.

DWIGHT, P. J., and LEWIS, J., concurred.

Order reversed and motion granted, with ten dollars costs and disbursements.