PEOPLE ex rel. BADISCHE ANILIN & SODA FABRIK v. ROBERTS, Comptroller.

(Supreme Court, Appellate Division, Third Department. December 15, 1896.)

TAXATION—FOREIGN CORPORATIONS—"DOING BUSINESS" IN STATE.

A foreign corporation, by becoming a special partner, and investing a part of its capital stock, in a limited co-partnership which transacts business in New York, and has the sole sale of the products of the corporation there, is "doing business" in the state, within Laws 1880, c. 542, § 3, as amended by Laws 1890, c. 522, and is taxable, as provided therein, on the amount of capital stock so invested. Parker, P. J., and Landon, J., dissenting.

Certiorari on the relation of the Badische Anilin & Soda Fabrik to review the decision of James A. Roberts, state comptroller, declining to revise a tax imposed on relator's capital stock employed in the state of New York. Affirmed.

The relator is a corporation organized under the laws of the Grand Duchy of Baden, in the empire of Germany, and is engaged in the manufacture and sale of chemicals. It has its office and manufactory and carries on its business at Ludwigshafen, in the kingdom of Bavaria, where its corporate books and books of account and record are kept, and where all the meetings of its directors have been uniformly held. All its officers and directors are residents and citizens of Germany. It is alleged by the relator in its petition, and admitted by the comptroller in his return, that in 1879 the relator became a special partner in the limited co-partnership of Pickhardt & Kuttroff in the city of New York. The articles of co-partnership show that William Pickhardt and Adolph Kuttroff and the relator constituted such limited co-partnership. The relator contributed the sum of $150,000 to the capital stock of such co-partnership, and each of the other partners a like amount. Both Pickhardt and Kuttroff were stockholders in the relator's corporation, but sold out their stock some 10 years ago. Pickhardt & Kuttroff are engaged in the business of importing chemicals, and have the sole sale of the relator's products in this country. Such products are brought into this country in the original packages, and are sold in the same way. They are shipped to the establishment of Pickhardt & Kuttroff, in the city of New York, and to any other part of the United States to which they may be directed by said firm. Said firm pays the relator for the goods so alleged to be purchased by bills of exchange and remittances from New York. A yearly statement of the business of the co-partnership is made to the relator. In 1895 the relator drew the sum of $54,000 from the co-partnership as its share of the profits as special partner. The average yearly profit received by the relator was the sum of $45,000. In 1895, the comptroller assessed the relator for taxes for 16 years ending November 1, 1895, with a penalty of 10 per cent., amounting in all to the sum of $3,960; appraising the value of the capital stock employed in this state of the relator at the sum of $150,000. Application was thereupon made to the comptroller for a revision and readjustment of the account and tax against the relator, and a rehearing was had, and on the 13th day of May, 1896, the comptroller rendered his decision declining to make any revision or readjustment of the tax which had been imposed; whereupon the relator obtained the writ of certiorari for the purpose of reviewing the decision of the comptroller, which is now before us.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Cardozo & Nathan (Michael H. Cardozo, of counsel), for relator.

T. E. Hancock, Atty. Gen. (G. D. B. Hasbrouck, Dep. Atty. Gen., of counsel), for respondent.

HERRICK, J. The only question to be determined in this case is as to whether the relator is "doing business" within this state.

It is somewhat difficult to see how a foreign corporation can be engaged in "doing business" within this state without employing some part of its capital here; and, on the other hand, the fact that its capital is being employed in carrying on a business in this state is a very considerable element in determining whether the corporation which owns such capital is "doing business" in this state, within the meaning of the law under which it is attempted to collect the tax here in question. It is contended that by becoming a member of the co-partnership the individuality of the partnership has been swallowed up in the new being or entity created, and that the capital invested is the capital of the co-partnership, and the business being conducted is not being conducted by the corporation, but by the co-partnership exclusively. I cannot acquiesce in the contention that members of a co-partnership are not engaged in business, and that they are not doing the business which is being carried on in the name of the firm by them, and for their benefit. It is true that their contributions to the firm become swallowed up in the firm capital, but it is their property just the same. It belongs to them, and, instead of having a diminished interest, it is rather increased, if anything, by the rights that they have also obtained in the contributions of their co-partners. The business of the co-partnership is their business. It is being conducted by them, either personally, or by their agents, and for their benefit; and it is, I think, a commonly recognized fact that a man who is a member of a co-partnership is as much a business man, and is doing business as much, as though he were solely engaged in the same business for his sole benefit. His property invested is the subject of taxation; his interest is taxable separately. The partnership as such is not taxed. It is said, however, that the fact that the relator is a special partner in a limited co-partnership relieves him from taxation. It does not seem to me that that changes the rule a particle. I do not think that a special partner in a limited co-partnership is removed from the category of persons doing business. While he is prohibited by our laws from active management, he is permitted to advise, and may buy, sell, purchase, and transact other business for the co-partnership, subject to approval by the general partners. Rev. St. (9th Ed.) p. 1848, § 17. He may bring an action for dissolution and for an accounting. Bank v. Strauss, 137 N. Y. 148, 32 N. E. 1066; Rev. St. (9th Ed.) p. 1849, § 18. His contribution of capital to the firm cannot be regarded simply as an investment, as in the case of one purchasing stock in a corporation. In the case of a corporation there is a distinction made between the capital and the capital stock, and the shareholder, as such, is held not to be an owner of the capital, and a foreign corporation owning shares in a corporation in this state has been held to be not taxable for that reason (People v. Telephone Co., 117 N. Y. 241, 22 N. E. 1057); the court there saying:

"In no legal sense can the business of a corporation be said to be that of its individual stockholders. It is true that they have an interest in the business carried on, and an influence in controlling its conduct; but they have created a

legal entity to prosecute such business, make its contracts, and be responsible
for its obligations; and that entity is alone responsible to persons dealing with
it for the conduct of such business."

Here, as we have seen, the identity of the special partner is not
lost; he has an interest in the capital of the partnership prop-
erty and business as such, and, as between the partners themselves,
he has the same rights as they have. Van Voorhis v. Webster, 85
Hun, 591, 33 N. Y. Supp. 121. It is only as to third persons that
his rights or liabilities differ from those of the general partners.
His contribution to the co-partnership is not simply a loan or in-
vestment; he is not in the position of a creditor, but of an owner;
he is only a creditor in the sense that each partner is,—that is,
he has a right to the return of his capital after the debts are paid.
In Hayes v. Bement, 3 Sanf. 394, under a staute similar to the pres-
ent one, it was held that a special partner could not claim repay-
ment of his contribution, or of any part thereof, until all the cred-
itors of the firm had been paid; the court holding that the legisla-
ture simply intended to put the special partner, so far as he is a
creditor, upon precisely the same footing as if he were a gen-
eral partner. This construction was approved of in White v. Hack-
ett, 20 N. Y. 178.

The legislature, many years ago, recognized the fact that one who
contributed to the capital stock of a limited co-partnership, and
became a special partner, was engaged in doing business in this
state. Section 1 of chapter 37 of the Laws of 1855 (Rev. St. [9th
Ed.] p. 3219) reads as follows:

"All persons and associations doing business in the state of New York, as
merchants, bankers, or otherwise, either as principals or partners, whether
special or otherwise and not residents of this state, shall be assessed and taxed
on all sums invested in any manner in said business the same as if they were
residents of this state."

This was a provision for a property tax, and is simply referred
to for the purpose of showing that the legislature considered that
persons so investing their capital were "doing business."

The case of Com. v. Standard Oil Co., 101 Pa. St. 119, was cited
to us as authority for the contention of the relator that it was not
taxable. In that case it was held that the capital of the Standard
Oil Company invested in corporations and limited co-partnerships
was not taxable. The court classed corporations and limited co-
partnerships together, for the reason that in respect to taxation
it could see no distinction between them. The taxing acts of Penn-
sylvania treat them an identical. See pages 133–148. And the
court in that case further held that the shares of stock in a cor-
poration were different from the capital stock, and that such shares
were taxable at the domicile of the owner. And in that case, the
domicile of the Standard Oil Company not being in the state of
Pennsylvania, such shares were not taxable there. The court also
held that the company was taxable on such of its capital as was
invested in individual or general co-partnerships in the state of
Pennsylvania; thus necessarily disposing of the contention that its

capital and individuality had become lost in the new capital and entity created by the formation of the co-partnership.

In this state corporations and limited co-partnerships are not treated alike for taxing purposes. The law imposes no tax upon co-partnerships, either general or special, as such. A corporation can only do business through its agents and representatives; and it seems to me that the relator, in placing its capital stock in the limited co-partnership that I have described, whose general partners, at the time of the organization of the co-partnership and for some years therafter, were shareholders in the relator, and which limited co-partnership had the sole disposition of the products of the relator, thereby became engaged in doing business within this state through its agents, such limited co-partnership, and the general partners thereof, who were carrying on business for it, with its capital, and for its benefit. The relator plainly comes within the spirit of the taxing act [1] which the comptroller is endeavoring to enforce. Its capital is located here, not as a loan or investment, but for the purpose of assisting in carrying on a business, in the profits of which, as such, the relator is to share. Its capital has the benefit and protection of our laws, and in all respects is guarded and protected, and has all the facilities and advantages that can be obtained by a corporation located and doing business here with the same amount of capital.

The decision of the comptroller should be affirmed, with $50 costs and disbursements.

MERWIN and PUTNAM, JJ., concur.

LANDON, J. (dissenting). A foreign corporation, in order to be subject to taxation under chapter 542, Laws 1880, must not only employ a portion of its capital in this state, but must also be engaged in business here. People v. Campbell, 138 N. Y. 543, 34 N. E. 370; People v. Wemple, 129 N. Y. 558, 29 N. E. 812. This foreign corporation does only one of these two things. It employs a portion of its capital here,—that is, the portion it has embarked as special partner in the limited co-partnership of Pickhardt & Kuttroff,—but it cannot therefore be said that it is engaged in business here. A person may employ his capital in many ways without doing business with it himself, and this is a way which the statute permits. The general partners have sole dominion of the capital thus employed, and carry on whatever business is done with it. The statue under which the limited partnership is organized ex-

[1] Laws 1880, c. 542, § 3, as amended by chapter 522, Laws 1890, provides that: "Every corporation * * * now or hereafter incorporated, organized or formed under, by or pursuant to law in this state, or in any other state or country, and doing business in this state [with certain specified exceptions], shall be liable to and shall pay a tax upon its franchise or business into the state treasury annually." Section 11 of the same act, as amended by chapter 501, Laws 1885, provides that: "The amount of capital stock which shall be the basis for tax under the provisions of section 3 of this act, in the case of every corporation * * * liable to taxation thereunder, shall be the amount of capital stock employed within this state."

cludes the special partner from all control of the business, and commits it to the general partner. Rev. St. (9th Ed.) pp. 1844, 1848, §§ 3, 17. He therefore cannot be a joint tenant of the capital or capital stock or partnership property. He simply has a right to his share of the profits, and, upon dissolution, to his proper share of the firm assets, after all firm liens upon them are discharged. The fact that the foreign corporation sells its product to no other house in this country than that of the limited partnership is immaterial. Bank v. Sirret, 97 N. Y. 320.

The determination of the comptroller should be reversed, with $50 costs, besides disbursements.

PARKER, P. J., concurs.