(108 App. Div. 138)

PEOPLE ex rel. STEINWAY & SONS v. KELSEY, State Comptroller.

(Supreme Court, Appellate Division, Third Department. October 24, 1905.)

1. TAXATION—FRANCHISE TAX—LAND.

A determination of the Comptroller that land of a corporation is not "capital actually employed in manufacturing," within the meaning of Tax Law, Laws 1896, p. 857, c. 908, § 183, exempting such land from the

payment of a franchise tax, cannot be interfered with by the courts, where the land in question is not part of the land on which the shops of the corporation are located, nor in which their work is carried on, but some of the land is rented, and the rest is vacant.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, § 387.]

2. SAME.

A tract of 200 acres of land belonging to a corporation, upon part of which 34 dwelling houses are built and earning an annual rental of $7,200, and the balance of which is held for sale as soon as a satisfactory price can be obtained, is "employed," within the meaning of Tax Law, Laws 1896, p. 856, c. 908, § 182, imposing a franchise tax on corporations, to be computed upon the basis of the amount of their capital stock employed within the state.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, § 626.]

3. SAME.

The surplus earnings of a corporation are not within Tax Law, Laws 1896, p. 856, c. 908, § 182, imposing a franchise tax on corporations, to be computed upon the amount of their capital stock employed within the state.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, §§ 215, 626.]

4. SAME.

Land owned by a corporation, which is not shown to have been purchased with its surplus, and from the rent of a part of which it derives an annual revenue, and the balance of which it holds for sale, is to be regarded as "capital," within the meaning of Tax Law, Laws 1896, p. 856, c. 908, § 182, imposing a franchise tax on the capital of corporations employed within the state, and not as surplus, although the corporation has assets in excess of its capital stock to an amount which more than equals the value of such land, and its full capital stock is shown to be employed in its business.

Certiorari by the people, on the relation of Steinway & Sons, to review a determination of Otto Kelsey, as Comptroller of the state of New York, assessing a franchise tax against relator. Determination affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Joseph P. Coughlin and Fernando Solinger, for relator.

Julius M. Mayer, Atty. Gen., and James S. Graham, Dep. Atty. Gen., for respondent.

PARKER, P. J. The only question of difference in this case is whether the 200 acres of land owned by the relator in Long Island City, and valued by its president at about $109,000, was properly included by the Comptroller in fixing the amount of the franchise tax levied against such relator for the year ending October 31, 1901, under the provisions of section 182 of the tax law (Laws 1896, p. 856, c. 908).

The relator is a domestic corporation engaged in the manufacture and sale of pianos, and has its manufacturing plant in this state. It also has one in London and another in Hamburg. Its capital stock is $2,000,000, and the full amount of its assets, including the 200 acres in question, is $2,396,000. During the year in question the relator made a dividend of 23 per cent. upon its capital stock. The 200 acres in question are part of a tract of 250 acres owned by the relator, and upon 50 acres of which are located shops and other buildings connected

with its manufacturing business. On a portion of the 200 acres some 34 dwelling houses are erected, which are rented by the relator at a monthly rent of about $600; and such dwellings and the lots on which they stand are valued by the relator at about $56,100. The remaining land is vacant, now producing nothing, and is held for sale as village lots. The relator values it at about $52,900.

The relator contends that no part of this 200 acres should be included in fixing the tax against it. The Comptroller contends that it should all be included in estimating such tax, and has so included it at a valuation of $106,820. If such 200 acres, or any part of it, can be deemed "capital actually employed in manufacturing," as it is conceded in this state, it is expressly exempted by the provisions of section 183 (page 857) of the tax law. But there is nothing in the evidence from which we can conclude that it is so employed. Concededly it is no part of the land on which their shops are located, nor on which any of their work is carried on. Some 34 lots, only, are built upon and rented; the rest is vacant; and it seems very clear that we cannot interfere with the conclusion of the Comptroller that it is not actually employed in manufacturing. It cannot, therefore, on that account be considered exempt.

Can it be considered as capital employed in this state? Two hundred acres of land, upon which in some places (where does not appear) 34 dwelling houses are built and earning an annual rent, and the balance held for sale as soon as a satisfactory price can be obtained, would seem to be employed by the relator. It annually adds $7,200 to the company's dividend, and all the vacant part of it stands in the market ready for sale. At any time it may be sold, and that which was vacant when this hearing was had may have already become producing; and it was then being held, and constantly since has been held, for that very purpose. I conclude that it must be deemed employed. Nor do I find anything in the cases of People ex rel. Niagara River Hydraulic Co. v. Roberts, 157 N. Y. 676, 51 N. E. 1093, and People ex rel. Ft. George Realty Co. v. Miller, 179 N. Y. 49, 71 N. E. 463, that forces a contrary conclusion.

The remaining question is, must it be deemed capital, or may it be deemed surplus? If we may consider it surplus, then, not being capital, it is not within the provision of section 182, under which this franchise tax is levied. Peopie ex rel. Edison Electric Light Co. v. Campbell, 138 N. Y. 543, 34 N. E. 370, 20 L. R. A. 453; People ex rel. United Verde Copper Co. v. Roberts, 156 N. Y. 585, 51 N. E. 293; People ex rel. Commercial Cable Co. v. Morgan, 178 N. Y. 433, 440, 70 N. E. 967, 67 L. R. A. 960. Concededly the capital stock is $2,000,000, and the company's assets are $2,396,000. The valuation of the 200 acres, viz., $109,000, is a part of these total assets; and inasmuch as the full $2,000,000 is shown to be employed in the relator's corporate business, either within or without this state, the relator claims that such $109,000 is evidently surplus invested in real estate. That it certainly is a specific sum invested in real estate, and not used in its manufacturing business, is clear; and I should be inclined to hold that, whenever the capital is unimpaired, we should consider the relator's assets which are actually engaged in the business which it

was chartered to carry on its capital, rather than such properties as it holds in excess of its capital and which bear no relation to such business. In other words, even though those 200 acres were originally purchased with the relator's capital, yet if its assets have been increased and been invested in its business, so that it has the full amount of its capital stock so employed today, it should be allowed to claim that such lands, or even bonds and other property, not employed in its legitimate business, are surplus, and should not be regarded as capital, within the meaning of section 182. But within the Commercial Cable Co. Case, supra, the rule is otherwise. It is there said, with reference to certain bonds held by that relator under circumstances similar to these, that:

"There is nothing to show that they were bought with surplus. The relator does, it is true, claim that they were bought with surplus; but its contention is founded upon nothing more than an argument to the effect that, because it has more assets than share stock, there must be a presumption that capital would be invested in properties relating to its business, while surplus would naturally be invested in safe interest-bearing securities. We can indulge in no such presumption; but, if we could, it would be of no avail as against the Comptroller's decision, which should not be disturbed unless clearly erroneous. People ex rel. American C. & D. Co. v. Wemple, 129 N. Y. 558, 29 N. E. 812."

We must therefore conclude that this 200 acres of land was capital of the relator employed within this state, and that the decision of the Comptroller should therefore be affirmed.

Determination of the Comptroller confirmed, with $50 costs and disbursements. All concur.